The Memorandum Decision and Order below is hereby
signed.  Dated: May 8, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DEBRA M. STEVENSON, | ) | Case No. 06-00306 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| FIRST AMERICAN TITLE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 07-10005 |
| | ) | |
| DEBRA M. STEVENSON AND | ) | **Not for Publication in** |
| EUGENE SMITH, | ) | **West's Bankruptcy Reporter** |
| | ) | |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS

The defendants have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) in which they contend that First American Title Insurance Company ("First American Title") lacks standing and that this court therefore lacks subject matter jurisdiction (Docket Entry ("DE") No. 87, filed March 24, 2008).  For reasons explained in more detail below, the court will deny the defendants' Motion to Dismiss and will, by separate order, grant

First American Title's Motion for Leave to Amend the Complaint to add Wells Fargo Bank ("Wells Fargo") and Mortgage Electronic Registration Systems, Inc. ("MERS") as real parties in interest.

I

First American Title commenced this action by the filing of a two-count complaint against the debtor, Debra M. Stevenson, and her son, Eugene Smith.  At issue is a loan that was extended by Fremont Investment and Loan ("Fremont") to Stevenson in order to refinance a pre-existing loan secured by real property located at 3721 Grant Place, NE, Washington D.C. (the "Property") owned by Smith and Stevenson as joint tenants (the "Fremont Refinance").  Although the lien that was discharged incident to the Fremont Refinance encumbered both Stevenson's and Smith's interests in the Property, Fremont neglected to obtain Smith's signature on the Fremont deed of trust.[1]  Consequently, the Fremont lien encumbers only Stevenson's interest in the Property.  First American Title was Fremont's title insurer in the transaction, and remains the title insurer as to Fremont's successor in

---

[1] Alternatively, Fremont erroneously believed that Smith intended to transfer his interest in the property to Stevenson, thereby obviating the need to include Smith's signature on the deed of trust.

interest, Wells Fargo.[2]

In Count I of the complaint, First American Title seeks reformation of the Fremont deed of trust to include Smith's signature and a declaration that Smith was obligated on the loan. In Count II of the complaint, First American Title seeks to have Fremont's successor in interest, Wells Fargo, equitably subrogated to the prior lienholder's position such that Wells Fargo's lien would encumber both Smith's and Stevenson's interests in the property.[3]

II

By seeking dismissal it appears that the defendants have confused the question of standing with the requirement that an adversary proceeding be prosecuted in the name of the real party in interest, as required by Fed. R. Bankr. P. 7017, which

---

[2] The defendants' motion to dismiss takes issue with First American Title's failure to submit proof that Wells Fargo was Fremont's successor in interest. A motion to dismiss is not the proper vehicle for testing the sufficiency of evidence, and the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the non-moving party.

[3] In disposing of the parties' cross-motions for summary judgment, the court ruled that there is insufficient evidence to support a finding that Smith intended to sign the deed of trust or that he intended to be obligated on the loan. Accordingly, the court granted summary judgment in favor of the defendants as to Count I of the complaint. As to Count II of the complaint, the court found that the doctrine of equitable subrogation should apply unless the defendants prevail on a properly asserted defense.

incorporates Fed. R. Civ. P. 17(a).[4]  See Richardson v. Edwards,

---

[4] The defendants complain that, because First American Title is not Fremont's successor in interest, it lacks standing. In disposing of a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court accepts all allegations as true, and may permissibly consider materials outside the pleadings to resolve the question of jurisdiction. See Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005) (cited in Plan Committee v. PriceaterhouseCoopers LLP, 2007 WL 1191917 (D.D.C. 2007)). To establish the "irreducible constitutional minimum of standing . . . . the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical, . . . . there must be a causal connection between the injury and the conduct complained of . . . . and it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)(internal quotations and citations omitted).

By requesting that the court apply the principles of equitable subrogation to mitigate the effects of Fremont's failure to impose a lien on Smith's interest in the property, First American Title seeks adjudication of an actual controversy and relief from an imminent injury, which injury could be avoided by a favorable decision of this court.  Specifically, unless the court applies the doctrine of equitable subrogation to Wells Fargo's lien, First American Title, as Wells Fargo's title insurer, will likely bear the cost of the uncorrected defect in Wells Fargo's security interest.  Rather than a question of standing, the issue here is that any harm to First American Title is derivative of Wells Fargo's interests.  Wells Fargo is the appropriate party to pursue an action that seeks judicial modification of its own lien, even if the financial consequences stemming from any unfavorable ruling by the court will likely be passed on to First American Title.

Whether First American Title should be permitted to remain a party is academic now that Wells Fargo and MERS are being added as plaintiffs.  Should it become relevant whether First American Title is properly in this adversary proceeding, the court will decide the issue, but for the moment it does appear to be academic and the court will not waste judicial resources wrestling with the question at this juncture.  First American Title obviously has an economic stake in the outcome of this adversary proceeding.

4

127 F.3d 97, 99 (D.C. Cir. 1997).  According to Fed. R. Civ. P. 17(a),

> (a) **Real Party in Interest.**
>> (1) **Designation in General.**  An action must be prosecuted in the name of the real party in interest.  The following may sue in their own names without joining the person for whose benefit the action is brought:
>> (A)  an executor;
>> (B)  an administrator;
>> (C)  a guardian;
>> (D)  a bailee;
>> (E)  a trustee of an express trust;
>> (F)  a party with whom or in whose name a contract has been made for another's benefit; and
>> (G)  a party authorized by statute.
>
>> ****
>
>> (3) **Joinder of the Real Party in Interest.**  The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

If a party fails to timely assert that a party is not a real party in interest, the argument is waived.  See Rogers v. Samedan Oil Corp., 308 F.3d 477, 482-83 (5th Cir. 2002)(real party in interest objection waived when raised the day before trial).  In the instant proceeding, the court agrees with First American Title that the defendants' failure to timely raise this issue simply creates further confusion in a case that has been riddled

with procedural deficiencies.[5]  Nevertheless, the court concludes that, consistent with Rule 17, Wells Fargo, the party whose lien rights are directly at issue in this dispute, ought to be a named plaintiff in this proceeding.  Notwithstanding that the defendants should have raised this issue at the outset of the proceeding rather than waiting more than a year after the filing of the complaint, the court finds that requiring First American Title to add Wells Fargo as a plaintiff will not prejudice Wells Fargo or First American Title, and that their stated alignment of interests and legal representation should allow for a virtually seamless transition.  Rather than dismissing an adversary proceeding based upon the failure to name the real party in interest, the appropriate remedy under Fed. R. Civ. P. 17(a)(3) is to permit the real party in interest to ratify, join, or be

---

[5] The defendants contend that the plaintiff's opposition to the motion to dismiss should be stricken as untimely given that it was filed two days after the April 15, 2008 deadline established by the court.  See Defs' Amend. Reply (DE No. 108, filed April 23, 2008); Order Granting Mot. to Extend Time (DE No. 97, entered April 14, 2008).  It is noteworthy that at the time the defendants filed their motion to dismiss on March 24, 2008, the scheduling order then in place provided that all dispositive motions be filed by no later than October 15, 2007 (DE No. 34, entered September 28, 2007).  A subsequent scheduling order supplied amended dates for the briefing schedule applicable to the parties' cross-motions for summary judgment (DE No. 50, entered November 2, 2007).  Even under that scheduling order, however, the close of briefing was December 19, 2007.  In short, the defendants' motion to dismiss (DE No. 87) having itself been filed well-beyond the motions deadlines in place at the time of the filing, the court deems it appropriate to excuse the plaintiff's comparatively minor two-day delay in the filing of its opposition.

substituted into the action.  It is thus

    ORDERED that the defendants' Motion to Dismiss (DE No. 87) is DENIED.

    [Signed and dated above.]

Copies to: All counsel and parties of record; Office of United States Trustee.

7

D:\Laura\OPINIONS\First American Title v Stevenson\motion to dismiss on standing\decision_motion to dismiss_standing_First American v Stevenson_v5.wpd