The document below is hereby signed.

Signed: November 29, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DEBRA M. STEVENSON, | ) | Case No. 06-00306 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| FIRST AMERICAN TITLE | ) | |
| INSURANCE COMPANY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 07-10005 |
| | ) | **Not for Publication in** |
| DEBRA M. STEVENSON and | ) | **West's Bankruptcy Reporter** |
| EUGENE SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER DENYING
<u>PLAINTIFFS' MOTION TO PARTIALLY STRIKE ANSWER</u>

The plaintiffs have filed a Motion to Partially Strike Answer (Docket Entry ("DE") No. 161), by which the plaintiffs have asked the court to strike certain defenses set forth in the defendants' amended answer to the first amended complaint (DE No. 159). Specifically, the plaintiffs have asked the court to strike all of the defendants' enumerated defenses, with the exception of the real parties in interest defense (Second

Defense).  As explained in more detail below, the court will deny the plaintiffs' motion and will not strike any of the defenses raised in the defendants' amended answer to the first amended complaint.

The amended answer's enumerated defenses are numbered First Defense, Second Defense, and so forth.  The First Defense of Article III standing is consistent with and related to the issue of real parties in interest, which the court has permitted the defendants to continue to assert.  Accordingly, the court will not strike the defendants' Article III standing defense.  The Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth defenses go to defenses that were previously litigated in the disposition, via summary judgment, of legal and factual issues relating to the plaintiffs' claim that they are entitled to equitable subrogation and to reformation of the deed of trust.  Although the court will not permit the defendants to re-litigate the merits of those defenses, those defenses should be permitted to stand as having been properly asserted in this adversary proceeding.

In disposing of the plaintiffs' prior motion to strike the defendants' original answer (Motion to Strike Answer, DE No. 145; Answer, DE No. 142), the court ruled that, other than the real parties in interest defense, all of the affirmative defenses raised by the defendants' original answer are stricken.  See Order Denying in Part Plaintiffs' Motion to Strike Answer  (DE

No. 200). Specifically, this meant that the following defenses, which challenged the validity and enforceability of the subject loan and were raised by the defendants in their original answer (DE No. 142), were stricken:

> Third Defense: Plaintiffs' attempt to create, perfect, or enforce a lien on the Subject Property violates the automatic stay.
>
> Fourth Defense: Plaintiffs' attempt to possess and/or control the Subject Property violates the automatic stay.
>
> Fifth Defense: The Fremont loan to Stevenson is invalid because Fremont was not licensed as a mortgage lender in the District of Columbia and was not exempt from the District of Columbia's licensing requirement pursuant to the District of Columbia Mortgage Lender Broker Act.
>
> Sixth Defense: Stevenson validly rescinded her loan with Fremont on December 18, 2006 since Fremont violated the Federal Truth in Lending Act by failing to provide Stevenson with two copies of her notice of right to cancel; by failing to disclose financial charges that understated the actual disclosed finance charges by more than $35; by failing to provide Stevenson with a copy of the true and accurate HUD-1 statement disclosing the cost of her loan.
>
> Ninth Defense: Fremont violated the District of Columbia Consumer Protections Procedures Act in that Fremont provided a loan to Stevenson that it knew that Stevenson would be unable to repay and misrepresented the true cost of the Fremont loan.
>
> Tenth Defense: Fremont violated the District of Columbia Consumer Lending Laws by providing Stevenson with a "covered" loan.

Although the defendants continue to take issue with the court's ruling in this regard, the defendants did not reassert the above-

listed defenses in their amended answer (DE No. 159).  As such, the defendants have not violated the court's prior order barring the assertion of certain defenses.  It is thus

    ORDERED that the Motion to Partially Strike Answer (DE No. 161) is DENIED.

                                              [Signed and dated above.]

Copies to: All counsel and parties of record; Chapter 13 trustee.

4